IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| KEVIN F. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 190295R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter came before the court on Defendant's Motion to Dismiss (motion), filed September 12, 2019. Plaintiff filed his response with the court on October 22, 2019.

A.    *Not Timely Filed*

Plaintiff filed his Complaint in-person on September 3, 2019. Included with the Complaint was a Notice of Intent to Offset Federal Income Tax Refund and Other Federal Payments (offset notice), dated October 24, 2017, that outlined the unpaid tax debt for the years 2004, 2005, 2006, 2010, 2011, 2014, and 2016. The offset notice stated any recently made payments were not shown and that "[i]f you believe this debt isn't due, you must send [the Department of Revenue] proof to support your position."

Defendant moved for dismissal, in part, because Plaintiff did not file his appeal within 90 days of "the last actual assessment that is appealable," which is not the offset notice but rather the Notice of Assessment mailed to Plaintiff on June 9, 2017. (Mot at 1, 3.) In addition, Defendant argued that an appeal may be filed within two years of paying the tax in full, including interest and penalties, but because Plaintiff has not paid the tax in full, he is "outside of [his] appeal rights." (*Id.* at 1.)

In his response, Plaintiff did not address the timeliness of his Complaint but explained that he filed for Chapter 13 Bankruptcy in April 2013 and that for the "duration of the Chapter 13

Bankruptcy, the [Department of Revenue] required 75%-80% of the payments made to the Creditors. The [Department of Revenue] was requesting $9,000 at that time." Plaintiff further explained that in 2017, due to a change in the semiconductor industry, he left his hourly position and accepted a salaried position, losing $10,000 to $15,000 annually. Because of this, Plaintiff "had no choice but to end the Chapter 13 bankruptcy around the beginning of 2017 because I was falling behind in all my other payment obligations. I did not realize that ending the bankruptcy would negate all the payments made up to that date. I was under the impression that I owed [the Department of Revenue] only another $2k or so."

ORS 305.280(2)[1] and ORS 305.280(3) provide the applicable time for filing an appeal.

"An appeal under ORS. 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.260, shall be filed within *90 days after the date of the notice*. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

ORS 305.280(2) (emphasis added).

"Notwithstanding subsection (2) of this section, an appeal from a notice of assessment of taxes * * * may be filed within *two years after the date the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid*."

ORS 305.280(3) (emphasis added).

Plaintiff's Complaint was filed 816 days from the date of the "last actual assessment that is appealable," well beyond the 90 days allowed by ORS 305.280(2). In addition, Plaintiff does not meet the requirements of ORS 305.280(3). Plaintiff has not presented any authority that extends the 90-day deadline to appeal, and the court is not aw are of any such authority.[2]

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[2] Under the Bankruptcy Code, 11 USC section 108(b) extends the time for a debtor to take nonbankruptcy legal action, but even under this provision, Plaintiff's Complaint would not be considered timely filed.

Accordingly, Defendant's motion to dismiss must be granted.

B.      *Failure to State a Claim*

Defendant's motion also argued for dismissal because "Plaintiff has not provided an actual error on the part of [Defendant]" pursuant to Tax Court Rule–Magistrate Division (TCR-MD) 1 B(1)(b) and TCR-MD 1 B(1)(c), which require a complaint to state "[t]he facts showing how the plaintiff is aggrieved by the order, act, omission, or determination" and "[t]he reasons why the order, act, omission or determination should be reversed or modified."  The court construes this as a request to dismiss the Complaint for Plaintiff's failure to state a claim. However, the court's above-determination that Plaintiff's Complaint has not been timely filed renders this argument moot and needs no further analysis.  Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.  Plaintiff's Complaint is dismissed.

Dated this ____ day of November 2019.


_____
RICHARD DAVIS
MAGISTRATE

**This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.**

**This document was signed by Magistrate Davis and entered on November 15, 2019.**